J-S49023-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR HALL | : | |
| | : | |
| Appellant | : | No. 396 WDA 2020 |

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012763-2017

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:              FILED DECEMBER 14, 2020

Appellant, Victor Hall, appeals from the Judgment of Sentence entered on November 26, 2019, after the court found him guilty after a bench trial of Robbery, Terroristic Threats, and Possession of an Instrument of Crime ("PIC").[1] Appellant challenges the weight of the evidence. After careful review, we affirm.

We derive the following factual and procedural history from the trial court Opinion and certified record. At around 11:45 P.M. on September 28, 2017, Danielle Rothka was walking along 17th Street in Pittsburgh's South Side when Appellant stepped into her path. He pointed a handgun at Rothka and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 2706(a)(1), and 907(b), respectively.

told her, "give me your fucking money or I will fucking kill you." He took her cell phone and wallet, then fled.

Rothka immediately called the police from a neighbor's phone. She described the perpetrator as an African American male in his early-to-mid 20s, over six feet tall, skinny, and wearing a red Nike sweatshirt, light jeans, and white shoes. Shortly after, police found Appellant, who matched Rothka's description except that he was wearing dark jeans and dark shoes. He was standing with two other men nearby on 18th street. Police detained all three men and, at around 1:00 A.M., took Rothka to 18th street for a "show up" identification. Rothka identified Appellant as the man who robbed her.

Appellant's trial began on August 27, 2019. Rothka testified and again identified Appellant as the perpetrator of the crimes. She explained that, in addition to the description she gave police, she identified Appellant based on his distinctive nose and lips. The Commonwealth also presented the testimony of Pittsburgh Police Officer Craig Genser, who confirmed that Rothka identified Appellant at the "show up."

At the conclusion of trial, the court convicted Appellant of the above charges, indicating that it found Rothka to be "absolutely credible" and "beyond a reasonable doubt that she has identified the perpetrator in this case." N.T. Trial, 8/29/19, at 305. On November 26, 2019, the court sentenced Appellant to an aggregate term of three to six years' incarceration followed by two years' probation. Appellant filed a timely Post-Sentence Motion, which the trial court denied on February 26, 2020. Appellant then filed

a timely Notice of Appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

In his sole issue on appeal, Appellant challenges the weight that the court, sitting as factfinder, gave to Rothka's "show up" identification of Appellant. Appellant's Br. at 9. He focuses solely on Rothka's "show up" identification, alleging that it was the "only one piece of evidence that tied [Appellant] to incident (sic) at issue" Id. In support of his challenge, Appellant argues that the "show up" was suggestive, and Rothka's identification based on his facial features was inadequate because "[t]hese attributes are consistent with those of many African Americans." Id. at 12. He also emphasizes that, at the time of his arrest, he did not run from the police, was not wearing the exact clothing Rothka described, and was not in possession of the stolen items. Id. at 10-11.

Appellate review of a weight claim is a review of the trial court's exercise of discretion in determining whether the verdict is against the weight of the evidence. Commonwealth v. Talbert, 129 A.3d 536, 545-46 (Pa. Super. 2015). The weight of the evidence itself, however, is a matter exclusively for the factfinder, who is free believe all, part, or none of it and to determine the credibility of witnesses. Commonwealth v. Gonzalez, 109 A.3d 711, 723 (Pa. Super. 2015). In order for a defendant to prevail on a challenge to the weight of the evidence, "the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." Talbert, 129 A.3d at 546 (citation omitted).

In denying Appellant's weight challenge, the trial court noted that Appellant made the same arguments in his closing statement at trial. N.T., Trial, 4/22/20, at 24-25. It explained that, as factfinder, it assessed Rothka's credibility and weighed her testimony against Appellant's arguments before finding Rothka credible and her identification reliable. Id. The court then reviewed the evidence admitted at trial, discussed supra, and concluded that it had properly weighed the evidence. Id. at 26.

Appellant essentially asks this court to reweigh the evidence and reassess Rothka's credibility. It is well-settled, however, that this Court cannot substitute its judgment for that of the factfinder. The factfinder weighed the evidence and found that Rothka credibly and reliably identified Appellant as the perpetrator of the crimes, notwithstanding Appellant's arguments to the contrary. Id. at 24-25. See N.T. Trial, 8/29/19, at 305-07. Moreover, the evidence demonstrates that, in addition to the "show up" identification, Rothka directly identified Appellant at trial as the person who robbed her. N.T. Trial, 8/27/19, at 37-38. Thus, contrary to Appellant's assertion, the Commonwealth did not rely solely on Rothka's "show up" identification to tie Appellant to the incident at issue.

After review, we conclude that the verdict is not contrary to the evidence so as to shock the conscience. We, therefore, conclude that the court did not abuse its discretion in denying Appellant's weight of the evidence challenge.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2020